UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>64-03 REALTY LLC,<br><br>                           *Debtor* | **MEMORANDUM & ORDER**<br>24-cv-05685 (NCM) |
| 64-03 REALTY LLC,<br>                          *Appellant*,<br>– against –<br><br>64-03 WOODSIDE NOTEBUYER LLC,<br>                          *Appellee.* | |

**NATASHA C. MERLE**, United States District Judge:

      Attorney William X. Zou ("Zou") appeals from an order entered by the Honorable Nancy Hershey Lord of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") in *In re 64-03 Realty LLC*, No. 24-40820. That order denied Zou's motion for an extension of time to file a notice of appeal of the Bankruptcy Court's prior order dismissing the underlying bankruptcy petition as a bad faith filing. Zou made the motion for an extension of time on his own behalf, rather than on behalf of his client, 64-03 Realty LLC, the debtor in the underlying bankruptcy proceeding. Zou now appeals the denial of that motion, also on his own behalf.

      The Court has reviewed the record of the Bankruptcy Court proceedings and considered the parties' submissions. The Court affirms the Bankruptcy Court's order.

1

## BACKGROUND

On February 23, 2024, 64-03 Realty LLC ("Debtor") filed a Chapter 11 Bankruptcy petition ("Petition"). Bankruptcy Record ("R.") 5–7, ECF No. 2.[1] The petition was filed on the Debtor's behalf by its attorney, William X. Zou, the appellant in the instant action. Shortly thereafter, the Debtor's secured lender 64-03 Woodside Notebuyer LLC ("Apellee") filed an emergency motion to dismiss the bankruptcy petition and/or to lift the automatic stay, *see* R. 13–29, which the Debtor opposed, *see* R. 299–301; 348–54.

The Bankruptcy Court held a hearing on April 2, 2024 during which it granted the Appellee's motion. R. 430. At that hearing, the Bankruptcy Court made various comments regarding the merits of the Debtor's bankruptcy petition and the emergency motion to dismiss.[2] Those comments included that the Debtor's actions had been "outrageous" and that there had been "disregard for this Court and the practice of law." R. 427. When discussing the fact that it found the Petition to have been filed in bad faith, the court stated: "I found it to be the most outrageous thing I have ever seen practically, . . . so I think that can qualify as a bad faith filing." R. 431. Additionally, and as most relevant to the instant appeal, the Bankruptcy Court stated "Mr. Zou is the filing lawyer and Andy Chou is the principal, and they together . . . filed this petition" which the court found to be a bad faith filing. R. 431.

---

[1] Throughout this Order, page numbers for citations to the Bankruptcy Record, ("R."), and to the Additional Bankruptcy Record ("Add.R."), ECF No. 3, refer to page numbers found in the bottom right corner of each page. All other citations to docket filings refer to the page numbers in the Electronic Case Filing ("ECF") header.

[2] Appellee's brief includes a discussion of the basis for the emergency motion and for the Bankruptcy Court's finding that the bankruptcy petition was filed in bad faith. Appellee's Brief ("Appellee's Br.") 5–6, ECF No. 9. As these facts are not relevant to the issues on appeal, they are not considered in this Order.

Following the hearing, the parties filed proposed orders for the Bankruptcy Court to enter. On April 26, 2024, the Bankruptcy Court entered a Dismissal Order which included a finding that the petition at issue was filed in bad faith. R. 457. The deadline to file a notice of appeal expired 14 days later, on May 13, 2024. Add.R. 5. According to Zou, after the time to file a notice of appeal expired, the transcript of the April 2, 2024[3] hearing was used by Appellee, in a separate state court action against Zou in his individual capacity, to implicate him in allegedly violating New York State Judiciary Law § 487.[4] On June 3, 2024, Zou filed a motion in his personal capacity to extend the time to file a notice of appeal because he disagreed with the Dismissal Order "to the extent the Order is implicating that William X. Zou did the bad faith filing." R. 463.

On July 30, 2024, the Bankruptcy Court held a hearing on the motion for an extension of time. Add.R. 2. During that hearing, the court noted that the case had been closed on May 30, 2024 and that Zou had not made a motion to reopen the case or to vacate the dimissal order. Add.R. 3–4. The Bankruptcy Court also noted the unusual posture of the motion, as the motion for an extension of time to appeal was "not really about the debtor," but instead was about "the debtor's lawyer." Add.R. 4. The court observed that the April 26, 2024 order "did not specifically find that William Zou did the

---

[3] Zou's brief sometimes refers to the April 29, 2024 hearing, *see* Appellant's Br. 12, and at other times refers to the April 2, 2024 hearing, *see* Appellant's Br. 3. Review of the record on appeal demonstrates that the hearing at which the Bankruptcy Court made the comments to which Zou objects occurred on April 2, 2024. R. 415.

[4] Pursuant to New York Judiciary Law § 487, an attorney can be sued in a civil action if he: (1) "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or, "[w]ilfully delays his client's suit with a view to his own gain;" or, "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for." N.Y. Judiciary Law § 487 (McKinney).

3

bad faith filing." Add.R. 5. The Bankruptcy Court then found Zou's motion for an extension of time to file a notice of appeal had not demonstrated excusable neglect for Zou's failure to timely file. Add.R. 6–7. The court accordingly denied the motion on the record. Add.R. 7–8.

On August 15, 2024, Zou filed the instant appeal, which seeks relief from the Bankruptcy Court's denial of his motion for an extension of time to file a notice of appeal.

## STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). On appeal, district courts may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or it may remand with instructions for further proceedings. *Walker v. HSBC Bank USA, Nat'l Ass'n*, No. 24-cv-08477, 2025 WL 2256654, at *2 (E.D.N.Y. Aug. 7, 2025).[5] "A district court generally reviews the findings of fact of a bankruptcy court for clear error and reviews conclusions of law *de novo*." *See Salim v. VW Credit, Inc.*, 577 B.R. 615, 621 (E.D.N.Y. 2017). However, a bankruptcy court's decision to deny a request to file a late notice of appeal is reviewed by the district court for abuse of discretion. *See In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005).

## DISCUSSION

Zou requests that this Court "overturn the Bankruptcy Court's denial of the Motion for Extension to file an appeal" and allow Zou to file a notice of "appeal from the statements made" at the April 2, 2024 hearing "to the extent [the statements] implicate[]" him. Appellant's Brief ("Appellant's Br.") 12, ECF No. 8. In opposition, Appellee argues

---

[5] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

that Zou lacks standing to appeal the Bankruptcy Court's order denying his motion for an extension of time to file a notice of appeal, and that even if Zou did have standing, the Bankruptcy Court's denial of the motion was proper.

For the reasons discussed below, the Court finds that Zou lacks standing to appeal the Bankruptcy Court's denial of his motion for an extension of time to file a notice of appeal, and that even if Zou had standing, the Bankruptcy Court did not abuse its discretion in finding that Zou did not demonstrate excusable neglect for the belated request. Accordingly, the Bankruptcy Court's order denying Zou's motion for an extension of time is AFFIRMED.

### I. Standing

Zou contends in his opening brief that he has standing to "appeal from the statements made" by the Bankruptcy Court during the April 2, 2024 hearing as "an aggrieved party by the transcript of April 2[], 2024[.]" Appellant's Br. 9. Appellee counters that Zou lacks standing for two reasons: first, because Zou is not an "aggrieved person" who has suffered a pecuniary injury from the Bankruptcy Court's order, *see* Appellee's Br. 10, and second, because Zou was not a party to the underlying bankruptcy proceeding, *see* Appellee's Br. 11–12. For the reasons stated below, the Court agrees that Zou has not shown that he has standing to appeal.

To have standing to appeal from a bankruptcy court ruling, the appellant must be a "person aggrieved." *In re 22 Fiske Place, LLC*, Nos. 22-1788, 22-1793, 2023 WL 4278189, at *3 (2d Cir. June 30, 2023). This is a higher bar than injury-in-fact standing under Article III. *Id.* To be a "person aggrieved," the appellant must be "directly and adversely affected pecuniarily by the challenged order." *Id.* Bankruptcy law requires this "more exacting" standard "because courts have recognized the need to limit appellate

5

standing for bankruptcy litigation to prevent potentially endless appeals brought by parties indirectly affected by every bankruptcy order." *Id.* Thus, to have standing to appeal the Bankruptcy Court's order, Zou must show that the order denying his motion for an extension of time to appeal directly harmed his financial interests. He has made no such showing and therefore lacks standing to appeal.[6]

Zou takes issue with statements made by the Bankruptcy Court during the April 2, 2024 hearing. To be clear, Zou did not appeal or seek an extension of time to appeal on behalf of 64-03 Realty LLC. Instead, he sought an extension of time to appeal in his personal capacity. And now, he appeals the Bankruptcy Court's denial of this request, again on his own behalf, rather than on behalf of his client. However, Zou has not offered any facts on which the Court could find that he, not his client, has been directly and adversely affected pecuniarily by this denial.

To the extent Zou attempts to argue that he could be adversely impacted due to Appellee's use of the Bankruptcy Court's statements in a separate state court action, that argument does not change the analysis. First, Zou does not indicate whether Appellee succeeded in its state court action against him and secured monetary relief.[7] Second, any adverse effect from the use of the Bankruptcy Court's statements by Appellee to establish that Zou violated New York Judiciary Law § 487 is too speculative to confer standing to

---

[6] To the extent that Zou makes additional arguments regarding the merits of the underlying dismissal order issued by the Bankruptcy Judge, *see* Appellant's Br. 9–12, Zou has also not shown how he has been financially harmed by that order. Additionally, as discussed *infra*, Zou did not file a timely notice of appeal of the Dismissal Order nor did he receive an extension of time to file a notice of appeal. Accordingly, this court lacks jurisdiction to review the Dismissal Order.

[7] Zou's brief in the instant appeal does not clarify what relief the Appellee seeks in the state court action.

Zou as a "person aggrieved." Even if Appellee ultimately recovers monetary damages, Zou cannot establish that the challenged order—here, the denial of Zou's motion for an extension of time to appeal—directly caused any state court monetary damages.[8]

Thus, Zou lacks standing to appeal the Bankruptcy Court's denial of his motion for an extension of time to file a notice of appeal.

## II. Merits of the Bankruptcy Court's Denial of Zou's Motion

Even if Zou had standing to appeal the denial of his extension motion, the Court would still deny his appeal because he has failed to show that the Bankruptcy Court's denial of his motion was an abuse of discretion.

Zou argues that the Bankruptcy Court erred in denying his motion for an extension because he (a) filed his motion within 21 days after the time to file the notice of appeal expired and (b) demonstrated excusable neglect. Appellant's Br. 6. Zou contends that he demonstrated excusable neglect because "it did not occur" to him to file a notice of appeal until a transcript of the April 2, 2024 hearing was used by the Appellee in a separate state court proceeding. Appellant's Br. 6. In opposition, Appellee argues that without a timely notice of appeal in compliance with Federal Rule of Bankruptcy Procedure 8002(a), this Court lacks jurisdiction to hear the instant appeal, and in any event, Zou's decision with his client not to file an appeal does not constitute excusable neglect. Appellee's Br. 9. For

---

[8] Even if the Bankruptcy Court's April 26, 2024 dismissal order found that Zou engaged in a bad faith filing, and even if this finding was used as a basis for Zou's liability in the state court action, the challenged order's adverse effect on Zou would be indirect at most. *See In re Manners*, No. 18-cv-00778, 2018 WL 3079470, at *2 (D. Conn. June 21, 2018) ("The fact that an appealing party could suffer financial injury as a result of a future adverse decision is not directly attributable to the bankruptcy decision, and therefore, it is insufficient to establish standing."); *In re Barnet*, 737 F.3d 238, 243 (2d Cir. 2013) ("[The Second Circuit] has explicitly stated that potential harm from a bankruptcy court order is insufficient to justify appellate standing.").

the reasons stated below, the Court finds that it has jurisdiction to hear Zou's appeal but that the Bankruptcy Court did not abuse its discretion in denying Zou's motion for an extension of time to file a notice of appeal.

Bankruptcy Rule 8002(a) requires that a "notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002. The time limit contained in Rule 8002(a) is "jurisdictional," and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect [on appeal]." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). Accordingly, an untimely appeal warrants dismissal by the district court. *See In re Smith*, No. 23-cv-06513, 2023 WL 6294345, at *1–2 (S.D.N.Y. Sept. 27, 2023); *see also In re AMR Corp.*, 566 B.R. 657, 663 (S.D.N.Y. 2017) ("[A]n appeal from a judgment or order not made within fourteen days after entry of that judgment or order may not be considered; this time limit is jurisdictional.").

However, where the appellant made an extension motion to the bankruptcy court and the motion was denied, the decision "to deny a request to file a late notice of appeal [is] reviewed for abuse of discretion." *In re Spiegel, Inc.*, 385 B.R. 35, 40 (S.D.N.Y. 2008). The bankruptcy court may extend the time to file a notice of appeal within 21 days after the time to file a notice of appeal expires "if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d).

In the Second Circuit, the excusable neglect standard "under 8002(c) is strict and must be narrowly applied." *In re Mowers*, 160 B.R. 720, 725 (Bankr. N.D.N.Y. 1993). Excusable neglect is defined as "inadvertence, mistake, or carelessness, as well as [] intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v.*

8

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). This inquiry is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Spiegel, Inc.*, 385 B.R. at 40. In particular, courts are to consider the *Pioneer* factors, which are: "[1] danger of prejudice to the non-movant; [2] length of delay and its potential impact on judicial proceedings; [3] the reason for the delay, including whether it was within the reasonable control of the movant; and [4] whether the movant acted in good faith." *In re Hongjun Sun*, 323 B.R. 561, 564 (Bankr. E.D.N.Y. 2005) (E.D.N.Y. 2005) (citing *Pioneer*, 507 U.S. at 395).

In the Second Circuit, the third factor carries the most weight. Thus, the focus in determining whether the movant has demonstrated excusable neglect is the reason for the delay and "whether the delay was within the reasonable control of the movant." *In re Blankson*, No. 18-cv-06001, at *2, 2019 WL 2504099 (E.D.N.Y. June 17, 2019); *see also Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004) ("[I]t is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases.").

Here, Zou filed his extension request within 21 days after the time to file the notice of appeal expired. Therefore, the question is whether the Bankruptcy Court abused its discretion when it found that Zou has not shown excusable neglect. Zou argues that all of the *Pioneer* factors weigh in his favor. Appellant's Br. 7. He claims that the only prejudice Appellee would suffer would be the need to defend the appeal. Appellant's Br. 7. Zou also argues that the delay was short and will have no other potential impact on the judicial proceedings. Appellant's Br. 7.

In support of the third factor, the reason for the delay, Zou claims that "there is an excusable neglect because the Debtor did not plan to file an appeal, it did not occur to the

9

Movant that an appeal is necessary" until the Appellee attempted to use the transcript of the April 2, 2024 hearing. Appellant's Br. 7. In essence, Zou seems to be arguing that the Debtor made an affirmative, presumably reasoned, decision not to appeal, but Zou reconsidered that decision after he became concerned about how the transcript of the April 2, 2024 hearing could impact him in a separate court action. However, Zou does not explain how this sequence of events constitutes "inadvertence, mistake, or carelessness." Nor does Zou cite any controlling or persuasive case law in support of the proposition that a finding of excusable neglect is warranted by the filing of an unrelated state court proceeding.

Zou attempts to support his argument for excusable neglect by analogizing his case to two out-of-circuit cases. However, these cases do not support his argument that the Bankruptcy Court abused its discretion in denying the motion for an extension of time to file a notice of appeal. Zou relies on *Rainsdon v. Grant (In re Fasano)*, Ch. 7 Case No. 20-00372, Adv. No. 21-06005, 2023 WL 2761685 (Bankr. D. Idaho Apr. 3, 2023) and *In re Bli Farms*, 294 B.R. 703 (Bankr. E.D. Mich. 2003). In both cases, the bankruptcy courts found that the third *Pioneer* factor, the reason for the delay, weighed against the appellants. Nevertheless, the bankruptcy courts found that this factor "should not be . . . considered as outweighing all of the other indicated factors," which weighed in favor of the appellants. *See In re Bli Farms*, 294 B.R. at 707; *see also In re Fasano*, 2023 WL 2761685 at *6 (finding that the third factor weighed against the appellant but that "three of the four *Pioneer* factors weigh in favor of finding excusable neglect"). However, in contrast to the bankruptcy courts in the District of Idaho and the Eastern District of Michigan, the Bankruptcy Court for the Eastern District of New York is bound by Second Circuit precedent which instructs that the third factor in the excusable neglect inquiry be

given the most weight. *In re Ditech Holding Corp.*, No. 24-1106-BK, 2025 WL 783639, at *2 (2d Cir. Mar. 12, 2025) (finding that Second Circuit precedent describes "the reason for the delay as the most important *Pioneer* factor" and noting that "a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test"). Here, Zou has not demonstrated that the use of the April 2, 2024 transcript in the unrelated state court proceeding is a reason for delay that warranted a finding of excusable neglect under the third *Pioneer* factor.

Thus, Zuo has not demonstrated that the Bankruptcy Court abused its discretion in finding that he failed to demonstrate excusable neglect for failing to file a timely notice of appeal.

### III. Finding of Bad Faith

While Zou's "statement of the issues" in his brief states that the only issue on appeal is whether the Bankruptcy Court erred in denying Zou's motion for an extension of time to file a notice of appeal, *see* Appellant's Br. 3, Zou nevertheless presents argument that the "Bankruptcy Court mistakenly found the Debtor did the bad faith filing without any evidentia[ry] hearing," *see* Appellant's Br. 9.

As Zou failed to file a timely notice of appeal, and the Bankruptcy Court did not abuse its discretion in denying Zou's motion to extend the time to file the notice of appeal, this Court lacks jurisdiction to review the underlying dismissal order. *See In re Spiegel, Inc.*, 385 B.R. at 37 (finding that where the appellant did not file a timely notice of appeal, and the bankruptcy judge denied a motion to extend the time to file a notice of appeal, the district court was "without jurisdiction to review" the underlying disallowance order).

Thus, to the extent that Zou seeks to appeal the underlying dismissal order which found that the Debtor made a bad faith filing, the appeal of that order is dismissed.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's order denying Zou's motion for an extension of time to file a notice of appeal is AFFIRMED.

**SO ORDERED.**

 /s/ Natasha C. Merle  
NATASHA C. MERLE  
United States District Judge

Dated:      September 9, 2025  
              Brooklyn, New York